HELEN A. RAILTON *vs.* RANSOM C. TAYLOR *et al.*

PROVIDENCE—NOVEMBER 22, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

By the terms of a lease entered into between the parties, it was agreed that the lessor should not be liable for any loss of or damage to the property of the lessee on the demised premises during the lease, whether such loss or damage arose from " fire, water or otherwise, *or in any other way or manner :"—*

*Held,* that the general terms of exemption, being used in connection with the two classes of causes of injury mentioned, are to be construed as relating to the same subject matter.

*Held,* further, that this provision in the lease could not be properly construed to exempt the lessor from liability for his own negligence or that of his servants and agents.

In the construction of contracts general terms are restricted and limited by particular recitals, when used in connection with them.

The fact that a building and the heating apparatus therein are not properly constructed gives the lessee no cause of action against the lessor, the condition of the premises remaining unchanged after the commencement of the tenancy.

While there is no implied warranty in a lease that the building is well built or fit for any particular use, yet this does not exempt the lessor from liability for the negligent or improper management of the parts of the building and appurtenances not included in the lease, whereby the lessee is injured.

A demurrer reaches back, in effect, through the whole record and attaches ultimately upon the first substantial defect in the pleadings,

TRESPASS ON THE CASE by lessee against lessor for injuries to plaintiff's goods in the leased premises, in consequence of

the alleged negligent management of a heating apparatus, and the use of improper means for receiving coal and carrying away ashes, in the parts of the building reserved to or used by the defendants. Heard on demurrer to lessor's special plea in bar.

TILLINGHAST, J. This is an action of trespass on the case for negligence. The plaintiff is a tenant of the defendant, Taylor, under a written lease. The declaration alleges, in the first count thereof, that the plaintiff entered into possession of the store in question, which consisted of a portion only of the building owned and controlled by the defendant Taylor ; that a portion only of the cellar under said store is occupied by plaintiff ; that the remainder of said cellar is occupied by said Taylor, and contains a steam heating apparatus, planned for and used by said defendant in the heating of the stores and rooms in said building ; that said heating apparatus was put in by defendant and is under his control and management ; that said store was let to the plaintiff for the purpose of a dry goods store, and that the defendant Taylor has so negligently managed his part of the premises, including the heating apparatus and all appliances connected therewith, as to cause large amounts of smoke, dirt, ashes, gases, and an excessive amount of heat to arise into the plaintiff's store and render the same unfit for the purposes of trade, thereby greatly damaging the stock of goods of the plaintiff ; and, furthermore, that said defendant has persisted in said negligence, though often warned by the plaintiff of the damage he was thereby doing.

The second count alleges that the plaintiff's store was let to her by said defendant for, and used by her in, the sale of dry goods, fancy goods, &c.; that said defendant kept and used a portion of the cellar under the store for the heating of the building, having furnished the same with steam heating apparatus ; that there were means supplied for the receiving of coal into said cellar, and for the removal of ashes therefrom, all of which were put in and constructed in an unsafe and unsuitable condition for the use they were in-

tended for, and to which they were afterwards put ; that said cellar was let to and used by one Bliss for the heating of said building, he being a tenant of the upper portions of said building ; that said Bliss entered into possession and used said apparatus and the appurtenances thereunto connected, as was intended by said defendant that they should be used, and as a result thereof large quantities of smoke, dust, coal, dirt, ashes, gases, and an excessive amount of heat were caused to arise into the store of the plaintiff ; that said defendant was frequently warned of these defects, but neglected to remedy the same, and that by reason thereof the plaintiff has suffered damage by reason of the loss of trade, &c.

The third and fourth counts are substantially like the second.

After the commencement of the action the plaintiff, by leave of court, summoned in Harlan P. Bliss as a defendant, and in sundry additional counts charges him with negligence in the management of said heating apparatus, which plaintiff here alleges was under his control. Other counts were also added charging the defendants jointly with negligence in the control and management of said heating apparatus, and also charging that said heating apparatus was improperly constructed as aforesaid, whereby plaintiff suffered damage.

To this declaration the defendant, Taylor, has filed a special plea in bar setting up that, by the terms of the lease entered into between him and the plaintiff, it was agreed that he should not be liable for any loss or damage suffered by the plaintiff from any cause or reason whatsoever ; wherefore he prays judgment, &c. The plaintiff demurs to the plea.

The provision in the lease relied on in bar of the action is as follows : " And it is also hereby understood and expressly agreed by the parties to this indenture, that all merchandise, furniture, and property of any kind, which may be on the premises during the continuance of this lease, is to be at the sole risk and hazard of the lessee, and that if the whole or any part thereof shall be destroyed or damaged by fire, water or otherwise, or by the use or abuse of the Cochituate water, or by the leakage or bursting of water pipes, or in any other

way or manner, no part of said loss or damage is to be charged to or be borne by the lessor in any case whatever. And the lessee further promises that she will keep whole and in good condition all the window and other glass on the premises, and also the pipes, faucets, and water fixtures, and that she will leave the same whole and in good condition at the termination of this lease."

The plaintiff contends that this provision cannot properly be so construed as to exempt the lessor from liability for his own negligence or for that of his servants and agents. We agree to this contention. The exemption clause of the provision above quoted includes two classes of causes of injury which might be sustained by plaintiff, viz.: damage by fire and damage by water, and the other and more general terms used in connection therewith are evidently but different forms of these two possible causes of injury; and there is nothing to show that they were intended to embrace matters outside of those specifically named. In other words, the general expression "or in any other way or manner" does not stand alone, but immediately follows, and is clearly a part of, the specification relating to damage by water, and should be construed as relating to the same subject matter. Moreover, it appears, by examination of the original lease on file in the case, that the entire provision in question, like all of the other provisions therein, is in print, and that the form used was evidently intended for the city of Boston, as it refers to "Cochituate" water; and we think it is evident that what the parties had in mind when using the language "by the use or abuse of 'Cochituate' water, or by the leakage or bursting of water pipes, or in any other way or manner," was such damage only as might result from the use or abuse of public water in said building. If it had been understood or agreed by the parties that the exemption was to extend beyond this and include another and distinct cause of injury, viz., the lessor's own negligence in the management and use of that part of the premises remaining in his control, including the heating apparatus, they would doubtless have stipulated to that effect, and not have left so important a

matter in any doubt.   Of course we do not wish to be understood by what we have thus said as intimating what the legal effect of such a stipulation would be had it been incorporated in the lease.

It is a familiar rule in the construction of contracts that general terms are restricted and limited by particular recitals when used in connection with them.   Lawson on Contracts, § 389 ; *Vaughan* v. *Porter*, 16 Vt. 270 ; *Gage* v. *Tirrell*, 9 Allen, 305 ; *Harris* v. *Corlies et al.*, 40 Minn. 106 ; *Torrance* v. *McDougad*, 12 Ga. 526 ; *Payler* v. *Homersham*, 4 Maule & S. 423–7 ; Jones on Construction of Contracts, § 220.   "All words," says Lord Bacon, "whether they be in deeds, or statutes, or otherwise, if they be general, and not express and precise, shall be restrained unto the fitness of the matter and the person."   Bac. Law Max. Reg. 10 ; *Hoffman* v. *Ins. Co.*, 32 N. Y. 413.   In *Saner* v. *Bilton*, L. R. 7 Ch. D. 815, which was an action on a covenant to rebate rent in case of "inevitable accident," it was held that the words imported something *ejusdem generis* with what had been mentioned previously, and did not apply to that which, though not avoidable so far as the lessee was concerned, was not *in its nature* inevitable.

We therefore decide that the exemption clause in question does not release the defendant Taylor from liability from his own negligence.

As to the defendant's contention that the rule of *caveat emptor* applies as to the fitness of the leased premises for the use to which the tenant puts them—that is, that there is no implied warranty in the lease of a store or warehouse that the building is well built or fit for any particular use, we reply that, admitting this to be the law—and the cases are substantially to that effect—see *Dutton* v. *Gerrish*, 9 Cush. 89 ; *McGlashan* v. *Tallmadge*, 37 Barb. 313 ; *Libbey* v. *Tolford*, 48 Me. 316 ; *Lucas* v. *Coulter*, 104 Ind. 81 ; Tayl. Land. & T. § 382 ; Wood Land. & T. p. 517–18 ;—yet it is not controlling in this case for the very obvious reason that here the plaintiff is not claiming that the store in question is not suitable for the purpose for which she hired it, but that

the defendant, by the negligent and improper management of a certain part of the building and the appurtenances connected therewith, other than, and outside of, that leased by her, has thereby rendered it unsuitable and caused her damage and injury.

As the defendant's counsel has called our attention to certain defects in the declaration, and as the demurrer reaches back, in effect, through the whole record, and attaches ultimately upon the first substantial defect in the pleadings (Gould's Pl. chap. 9, §§ 36–39 ; Steph. Pl. (Heard) * 144 ; 6 Ency. Pl. & Pr. 331 ; *Ward* v. *Sackrider*, 3 Caines (N. Y.), 263 ; *Peoria R. R. Co.* v. *Neill*, 16 Ill. 271 ; *Baldwin* v. *Cross*, 5 Ark. 510 ; *Carlock* v. *Spencer et ux.*, 7 Ark. 22 ; *Smith* v. *State*, 66 Md. 219 ; *Ellis* v. *Ellis*, 4 R. I. 122), it becomes necessary to determine as to the sufficiency of the plaintiff's declaration.

We think the first count thereof sufficiently states a cause of action for negligence.

We think the second, third, and fourth counts are bad in that the plaintiff thereunder seeks to recover damages by reason of the faulty construction of certain parts of the building and also of the steam heating apparatus connected therewith.  The mere fact that the building, together with said apparatus, was not properly constructed gives the plaintiff no cause of action, as the defendant had the right to construct his building as he saw fit, so long as he violated no one's rights ; and she does not allege that the condition of the premises had been changed since the commencement of the tenancy.  (See *Henson* v. *Beckwith*, 20 R. I. Part 1, 169.) If, however, he used a defective appliance in said building to the plaintiff's damage as tenant, that might constitute actionable negligence on his part.  Said second, third, and fourth counts are therefore quashed.

We think the counts contained in the amendment to the declaration sufficiently state a case of negligence in the management and use of that part of the premises, including the heating apparatus, which are alleged to have been under the

control of the defendants either jointly or severally, and these counts are therefore sustained.

The demurrer is sustained, and the special plea in bar over-ruled. Case remitted to the Common Pleas Division for further proceedings.

*James C. Collins and James C. Collins, Jr.,* for plaintiff.
*James L. Jenks,* for defendants.