## BELL *v.* CENTRAL NATIONAL BANK OF WASHINGTON.

---

NEGLIGENCE; LANDOWNERS, LIABILITY OF; OFFICE BUILDINGS, NEGLIGECT CONSTRUCTION OF; PLEADING; DEMURRER.

1. An owner of land is not an insurer of the safety of persons on his premises by implied invitation, but the measure of his duty towards them is reasonable prudence and care; and where, although leasing the rooms in his building he retains the control of the stairways and other means of ingress and egress, the same rule applies with respect of persons using the same.

2. Allegations in a declaration, that a stairway in a building owned by the defendant was "negligently" constructed and in an "unsafe" condition, was "imperfectly lighted" and "without sufficient light," are but conclusions of the pleader, and are not within the admissions of a demurrer to the declaration; but on a hearing of the demurrer the plaintiff will be given the benefit of all reasonable inferences to be deduced from the specific facts stated in the declaration.

3. The construction of three steps leading from the platform of a stairway in an office building, to a door, so that the first step has a rise of only 2 inches while each of the others has the ordinary rise of about 7 inches, is not of itself such a negligent construction as will entitle one who, in using the steps, falls and is injured, to maintain an action for damages against the owner of the building.

4. It is not negligence for the owner of an office building to fail to artificially light a stairway in the building in the daytime unless the conditions are such that daylight is excluded and artificial light is necessary to enable persons using the stairway to see their way.

No. 1705.  Submitted December 7, 1906.  Decided January 8, 1907.

HEARING on an appeal by the plaintiff from a judgment sustaining a demurrer to a declaration and dismissing the suit.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

The plaintiff, Theodosia Bell, brought this action against the Central National Bank to recover damages for personal injuries received in falling on the stairway of a building owned and controlled by the defendant.

A demurrer to this declaration having been sustained, the question before us is whether its averments, which must be taken as true, make out a cause of action against the defendant.

The substantial facts alleged are these: The defendant was, on February 3, 1905, the owner of a five-story stone building on Pennsylvania avenue, in the city of Washington, numbered 631.  The ground floor was occupied by the defendant in carrying on its banking business.  It leased the rooms of the upper floors to various tenants for business purposes.  Defendant also owned and controlled the corresponding floors in the adjoining building, numbered 629.  The entrance to the upper floors of both buildings was through the building known as No. 631.  From thence stone steps led to a platform near to each floor, at right angles to which, and connecting therewith, were two other steps constructed through an opening in the east wall of building No. 631, which afforded entrance to the corresponding floors of

building No. 629. The defendant, having ownership and control of the said stairways and entrances, and leasing rooms to persons doing business with the public, thereby invited all persons having business with its said tenants to enter said buildings by means of the stairs, steps, platforms, and openings aforesaid, and was charged with the duty of erecting and maintaining them with due care. The neglect of this duty is alleged in this, that the defendant "negligently and improperly constructed the said steps and platform, or caused or permitted them to be constructed and maintained in such manner that the said two steps constructed from the said platform through the cut or aperture in the said wall and communicating with the adjoining building, No. 629 Pennsylvania avenue, were not of equal or uniform height or 'rise,' the lower step immediately connecting with the said platform then and there being 2 inches greater in height or 'rise' than the next above adjoining step; and the said defendant carelessly, negligently, and improperly put and placed and left remaining, or caused or permitted to be put and placed and left so resting, on the said stone platform, at the point where the base of the step connects with the said platform, a certain marble slab 2 inches in height or 'rise' and 13 inches in width, and at a place on the said platform then and there imperfectly lighted, and without any sufficient light to enable persons to observe the peculiar, unusual, wrongful, imperfect, defective, and dangerous condition of the said step and marble slab resting on the said stone platform, whilst walking upon and over the same, and without any notice, or warning, or precaution of any kind," etc.

To render the description of the platform and steps more specific, it was agreed, on the argument, that the stone platform, wholly within building No. 631, was about 8 feet by 10 feet; that the steps of the main stairway have the ordinary "rise" of about 7 inches; that two steps of this "rise" were not sufficient to reach the plane of the opening on the floor of No. 629; that both steps having been given this "rise," the space between the bottom step and the platform was supplied by the marble slab, which was 2 inches thick and extended like another step,

having about the same width; that the steps there were in good repair, the defect, if any, being in their construction as described.

The plaintiff, on the date aforesaid, visited the office room of one of defendant's tenants, on the second floor of building No. 629, for the purpose of having some business attended to by him as a notary public. Having transacted her business, she undertook to leave the building by the stairway aforesaid. While conducting herself with proper care, and walking prudently and moderately down the steps connecting with the platform as aforesaid, "the plaintiff stepped with her left foot upon the said unsafe and dangerous marble slab, without any notice or knowledge of the presence of the said marble slab resting upon the said platform, or of the unsafe and dangerous condition of the said step or stone platform,—caused by the said marble slab resting upon it, through the carelessness, negligence, and improper conduct of the defendant as in manner and form aforesaid; and the heel of the plaintiff's left shoe treading upon the edge of the said marble slab, in the defendant's said building, the said plaintiff's said foot was tilted over and downwards," throwing the plaintiff upon the said platform with great force. By reason of the said fall the plaintiff's foot and ankle were seriously sprained, her knee cap broken, and divers other serious injuries received. The allegations of damages are in the ordinary form, and are laid in the sum of $20,000. A second count of the declaration sets out substantially the same facts as regards the negligence of the defendant, the conduct of the plaintiff, and the manner in which she received her injuries.

*Mr. Edmund Burke* for the appellant.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg,* and *Mr. F. Walter Brandenburg* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

It is a familiar rule of law that the owner of land who, by

invitation, express or implied, leads others to come upon his premises for a lawful purpose, is liable to such persons who, exercising reasonable care themselves, may be injured by reason of the unsafe condition of the premises, negligently suffered to exist, without reasonable notice. *Bennett* v. *Louisville & N. R. Co.* 102 U. S. 577, 580, 26 L. ed. 235, 236; *Union P. R. Co.* v. *McDonald,* 152 U. S. 262, 269, 38 L. ed. 434, 438, 14 Sup. Ct. Rep. 619; *Davis* v. *Central Cong. Soc.* 129 Mass. 367, 371, 37 Am. Rep. 368. Save in those instances where the relations between the parties are exceptional, as in the case of carrier and passenger, and others that may be analogous, the owner is bound to use ordinary reasonable care to the end that persons going and coming on his premises by implied invitation shall not be necessarily or unreasonably exposed to danger. The owner is not an insurer of the safety of such persons, nor does he owe them the highest degree of care. The measure of his duty is reasonable prudence and care. And though the owner may, as in this case, lease the rooms in his building to others, the same rule applies where he retains the control of the stairways and other means of ingress and egress. *Larkin* v. *O'Neill,* 119 N. Y. 221, 225, 23 N. E. 563; *Davis* v. *Central Cong. Soc.* supra; *Gleason* v. *Boehm,* 58 N. J. L. 475, 32 L.R.A. 645, 34 Atl. 886.

Applying these principles to the facts stated, we are of the opinion that the demurrer was rightly sustained. It is conceded that the stairway was a reasonably safe structure as far as the building within which it is located is concerned, and that it had been kept in repair throughout. The negligence alleged relates to the short stairway leading from the platform to the opening which gave access to the second floor of the adjoining and connected building. Evidently the floors of the two buildings were not in the same plane. Therefore, to prevent giving a greater rise to the two steps necessary to reach the floor of No. 629 than was common to the other steps of the main stairway the slab was introduced between the first step and the platform, making practically another step 2 inches high. It is not apparent, and there is no suggestion whatever, that any better or safer con-

struction could have been adopted in order to overcome the difference between the elevation of the two floors. Presumably there was no elevator in the building, and the stairway must have furnished the only means of access to the upper floors of both buildings. It does not appear from the allegations of the declaration how long these steps had been in use prior to the plaintiff's fall, or that any accident had ever happened thereon before that would call attention to any defect in contruction. Rejecting the conclusions of the pleader embraced in the allegations of "negligence," "unsafety," and so forth, as not within the admission of the demurrer, but giving her the benefit of all reasonable inferences to be deduced from the specific facts which are admitted thereby, we do not think that there is any ground for submitting the question of negligent construction to the determination of a jury. Governed by the rule of law before stated, we are of the opinion that but one inference can be fairly deduced from the facts, and that is that the construction of the steps and platform was a reasonably safe one under all the circumstances disclosed. This conclusion is supported by a well-considered decision of the supreme judicial court of Massachusetts,—*Ware* v. *Evangelical Baptist Benev. & Missionary Soc.* 181 Mass. 285, 63 N. E. 885,—the facts of which seem more favorable to the plaintiff than those presented here.

That case was submitted to the jury under an agreement that in case of a verdict for the plaintiff the case should be reported to the appellate court, and, if that court should be of the opinion that a verdict ought to have been directed for the defendant, judgment should be so entered. The verdict was for the plaintiff, but the court held that it ought to have been for the defendant upon the facts proved. In giving the reasons for this conclusion, the court, through Morton, J., said:

"The injury complained of was due to a fall received by the plaintiff while passing from one of the rooms in the Tremont Temple building, so called, in Boston, belonging to the defendant, to the hallway or corridor on which the room opened. The floor of the room was $4\frac{7}{8}$ inches above the floor of the hall-

way, and it was this difference in height which caused the plaintiff, as she stepped forward out of the room, to fall. She had entered the room a few minutes before through the same door. She had never ·been in the building previously, if that is material. It is contended that this construction was defective, and this is the negligence alleged.

"It is matter of common observation that in entering and leaving stores, halls, railway-car stations and platforms, office buildings, and other buildings and places and private houses, adjoining surfaces are frequently at different levels, and the difference in level has to be overcome by one or more steps of greater or less height, or by some other device. The same thing happens in the interior of buildings and structures. We cannot think that such a construction is of itself defective or negligent. There is nothing in the nature of things which requires that a floor of a room which is entered from a hall or corridor, especially in a building like the Tremont Temple building, should be on the same level as that of the hall or corridor. Such may be the more usual or common construction, but there is nothing, we think, which requires it to be so at the peril of being regarded as defective or negligent, if it is not, and if suitable safeguards are not adopted to warn and protect those invited there."

Having disposed of the question of negligence in the matter of the construction of the steps and the platform on which they rested, it remains to consider the allegations of the declaration relating to the lighting of the stairway. These might well be regarded as founded on and dependent upon the alleged negligent construction of the steps, as the substantial ground of the action; in other words, as intended rather to aggravate the negligence in that regard than to set up an independent foundation for the action. But treating them as raising an independent question of negligence, we are of the opinion that they are insufficient.

There is no reason why a stairway should be artificially lighted in the daytime, unless by the character of its construction within a building the daylight shall have been excluded so

as to require artificial light to enable persons to see their way along it; and there is nothing tending to show that such was the character of construction in this case. Instead of describing the conditions as regards the light, and stating the particular facts from which the inference of insufficient or imperfect lighting might fairly and reasonably be deduced, the declaration simply states that they were "imperfectly lighted," and without "any sufficient light." These are but conclusions of the pleader, and not the facts themselves by which the conclusions may be tested. Such conclusions are not within the admissions of the demurrer. Rejecting them, for this reason, nothing remains on which to rest the action.

Deplorable as the condition of the plaintiff apparently is, we cannot but regard her as the victim of an accident, the consequences of which cannot lawfully be visited upon the defendant.

The judgment must be affirmed, with costs.     *Affirmed.*