HATTIE V. KESSLER, Respondent, *v.* THE ANSONIA, a Domestic Corporation, Appellant.

First Department, November 29, 1929.

*Frank I. Tierney* of counsel [*Wendell P. Barker* with him on the brief; *Bonynge & Barker*, attorneys], for the appellant.

*Charles B. McLaughlin* of counsel [*Fliashnick & Sustick*, attorneys], for the respondent.

FINCH, J. It seems to me that this judgment should be affirmed and a third trial of the case rendered unnecessary. At the opening of the trial the amount of damage sustained by the plaintiff was conceded. Also the records in this court show that they contain all the evidence upon which the plaintiff relies to fix defendant's liability. If there is no liability the complaint should be dismissed, while if there is a liability upon this evidence, since the defendant rested on the plaintiff's case and a motion has been made and granted to conform the pleadings to the proof, the judgment given by the learned trial court should be affirmed. When the case was previously appealed to this court ( *Kessler* v. *The*

*Ansonia*, 222 App. Div. 148), it was held that clause fifth in the lease, reading, " ' That the lessor shall not be liable for any damage to any property, at any time, in said premises or building, by leakage of Croton or other water, steam or gas, from or into any part of said building in which the demised premises are situated, or from any other cause, in any event,' * * * exempts the landlord from liability, except for acts of affirmative negligence or for failure to remedy actual defects when called to his attention." This court also noted the evidence that when the plaintiff called from her apartment to the management to have the radiator repaired, she was told that someone would be sent up to fix it and that in the meantime she should turn the steam off, which she did. The opinion also expressly stated that it was a " fair inference * * * that the radiator was not turned on again that day or until the damage occurred." And this court expressly reserved the question as to whether the defendant had offered sufficient explanation of the accident. The case was then reversed, however, because this court found that under the then state of her pleadings the plaintiff had failed to offer evidence to sustain the then allegations of her complaint. The allegations of the complaint on the previous appeal were that the accident was caused by the circulation of an excessive quantity or pressure of water or steam through the radiators or pipes leading thereto, and that the plaintiff had offered no proof whatever of excessive pressure. " The remaining allegations of negligence were to the effect that the defendant neglected to properly examine and inspect the radiators, pipes and other appliances and failed and neglected to properly ascertain if they were in fit and proper condition." In support of this allegation also the plaintiff adduced no evidence. The court then went on to say that even " If we assume that these allegations are sufficient to charge negligence for failure to properly repair, plaintiff's proof was insufficient to sustain them." On the retrial, however, after the plaintiff had given the same evidence showing that the defendant had failed to remedy the actual defects in the radiator when called to its attention, and also that the men sent to repair the pipes had reported that these pipes could not be repaired at all " because the pipes are old and rusty," and in addition that the defendant was guilty of an affirmative act on its part when it directed the plaintiff to turn off the radiators after having been notified of the escaping steam, coupled with the inference that this directly led to the freezing of the water in the pipes with the consequent expansion, causing the breaking of the pipe and the outburst of steam which ruined the property of the plaintiff, thereby causing the damage, the plaintiff moved " to amend the pleadings to conform

with the proof," which motion was granted by the trial court. The defendant contented itself upon this trial with adducing no evidence on its part to meet the *prima facie* case thus pleaded and proved on the part of the plaintiff.

It follows that the trial court properly gave judgment for the plaintiff, and that the judgment appealed from should be affirmed, with costs.

MERRELL and PROSKAUER, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent upon the authority of *Kessler* v. *The Ansonia* (222 App. Div. 148), it being conceded by the attorney for plaintiff that the record in this case is the same as that upon the former trial.

Judgment affirmed, with costs.