## KAY et al. v. CAIN.

### No. 9010.

United States Court of Appeals District of Columbia.

Argued Jan. 15, 1946.

Decided March 11, 1946.

As Amended on Denial of Rehearing March 29, 1946.

Mr. John H. Burnett, of Washington, D. C., with whom Mr. Charles W. Arth, of Washington, D. C., was on the brief, for appellants.

Mr. William R. Lichtenberg, of Washington, D. C., with whom Messrs. Samuel Barker and Vance V. Vaughan, both of Washington, D. C., were on the brief, for appellee.

Mr. Joseph Luria, of Washington, D.C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

Appellee was the lessee of an apartment in a building owned by appellants, the lessors. There were 22 apartments in the building. Appellants controlled the halls, stairs and entrances. Appellee has recovered judgment for personal injuries caused by falling over a milk bottle on an uncovered and unlighted outside stairway by which she was returning to the building at night. This stairway was the only approach to a rear basement entrance which tenants often used. There was an electric light fixture over the stairway. Current could be turned on only by a switch in the basement. There was evidence that the stairway was often unlighted, as it was on the night of the accident; that the fixture had been hanging by a wire for a month; that appellants' janitor had been notified of this condition; and that the bulb was missing at the time of the accident. There was evidence that the janitor sometimes turned on the light, though he denied that he ever did so. There was undisputed evidence that tenants often did so.

The court instructed the jury that appellants owed appellee a duty of reasonable care to keep the stairway safe. The jury were permitted to find a breach of this duty in respect to lighting. The question for decision on this appeal is whether appellants owed this duty in respect to lighting.

The accident occurred in Maryland. There as in the District of Columbia, if a landlord "leases separate portions of the same building to different tenants

and reserves under his control the halls, stairways and other portions of the building used in common by all of the tenants as means of access to their respective rooms or apartments, he is under an obligation to use reasonable diligence to keep the por-stairways and other portions of the buildtions, so retained under his control, of the building in a safe condition * * *".[1] Other courts held in other times that there is no such obligation in regard to lighting,[2] and some decisions to this effect have been followed in modern times.[3] But we do not find that this exception to the lessor's general duty of care has ever been adopted by the courts of Maryland or of the District of Columbia. We think the general duty of care applies. The exception may have been relatively appropriate when apartment buildings, office buildings, and lighting facilities were relatively primitive. But under modern conditions the reasons which underlie the lessor's duty in regard to other hazards, including the occasional presence of ice,[4] apply with equal force to the daily hazard of darkness.[5] In respect to lighting as in other respects there is no question of requiring more than reasonable or ordinary care, which means reasonably safe conduct, but there is no sufficient reason for requiring less.

 Although the lease was identified and we have allowed it to remain in the record, it is not in evidence because it was not offered and received in evidence. Even if it were in evidence, it would not affect our decision. The lease provides that the "Lessor shall not be liable in any manner for any interruption in any services, such as heat, water, electricity, gas, or the like, nor shall said Lessor be liable for any loss or damage to the person or property of said Lessee, or of any person using or occupying or visiting said demised premises arising from any cause in or about said building or said demised premises, whether caused by or resulting from the bursting, leaking or overflowing of any water or steam pipes, or other cause whatsoever." But, on the familiar principle of ejusdem generis, general words like "any cause" and "other cause" are held to refer only to causes which have some resemblance to the particular ones specified in the context.[6] In their present context, these words do not refer to negligence in failing to light a public stairway. Moreover, it is doubtful whether a clause which did undertake to exempt a landlord from responsibility for such negligence would now be valid. The acute housing shortage in and near the District of Columbia gives the landlord so great a bargaining advantage over the tenant that such an exemption might well be held invalid on grounds of public policy.

Affirmed.

---

[1] Whitcomb v. Mason, 102 Md. 275, 282, 62 A. 749, 751, 4 L.R.A.,N.S., 565. Pessagno v. Euclid Investment Co., 72 App. D.C. 141, 112 F.2d 577.

[2] This has been called "the common-law rule". 97 A.L.R. 232.

[3] E.g., McCabe v. Mackay, 253 N.Y. 440, 171 N.E. 699.

[4] Pessagno v. Euclid Investment Co., supra note 1.

[5] Cf. Bell v. Central National Bank, 28 App.D.C. 580, 586.

[6] Railton v. Taylor, 20 R.I. 279, 38 A. 980, 39 L.R.A. 246; Kessler v. The Ansonia, 227 App.Div. 290, 237 N.Y.S. 537; Id., 253 N.Y. 453, 171 N.E. 704, 705; cf. Kirshenbaum v. General Advertising Co., 258 N.Y. 489, 180 N.E. 245, 84 A.L.R. 645.