GLADDEN et al. v. WALKER &
DUNLOP, Inc.

No. 9333.

United States Court of Appeals
District of Columbia.

Decided April 23, 1948.

Mr. Arthur L. Willcher, of Washington,
D. C., with whom Mr. W. E. Cumberland,
of Washington, D. C., was on the brief, for
appellants.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

Appellants Gladden, husband and wife, sued appellee for an injury to the wife, alleged to have been caused by an electric shock, in an apartment rented by the appellants from the appellee. The Municipal Court of Appeals set aside a judgment of the Municipal Court in appellants' favor and ordered a new trial. For the sake of brevity we state our view of the applicable law without restating the views of those courts, with neither of which we entirely agree.

Electricity was wired into the apartment house through a master switch and then to the various apartments through separate meters. Each tenant paid for the current he used. Late in 1943 appellants had trouble with the electricity in their apartment and complained to appellee. Appellee sent an electrician who did some work on the switch in the bathroom. Trouble continued. Mrs. Gladden testified that on May 9, 1944, she told appellee's agent that "the light switches were bad and especially in the bathroom and sometimes the lights would not come on, and they would flick and flick and sparks flew terribly." Appellee denies that this complaint was made. In any case nothing was done. On May 12, in answering the telephone, Mrs. Glad-

322

den leaned against an electric switch in the hall of the apartment, fell and was injured.

■ It is familiar law that a landlord who keeps control over parts of an apartment house must use reasonable care for their safety. We have applied this principle to the lighting of a common entrance stairway.[1] With regard to plumbing[2] and heating systems, the principle extends to operative fixtures in the apartments leased to tenants and operation through them.[3] We think the principle is equally broad with regard to the electrical system. Plumbing, heating, and electrical fixtures are not isolated either in use or maintenance. They must be maintained and used, if at all, in conjunction with the systems of which they are parts. Accordingly the tenant who uses them is usually not expected to maintain them, but only to notify the landlord when they appear to be out of order. Since appellee sent an electrician in response to appellants' original complaint, the usual expectation obviously existed here. We think it immaterial whether the injury to appellant appears to have been caused by defects in operative fixtures or in other parts of the electric system. The law should follow custom and convenience in classifying such fixtures among the things that the landlord controls.

■ The landlord is not an insurer of the safety of the system, but is liable only for action or inaction that is negligent in view of what he or his representatives know or reasonably should know. Negligent action, if any, in repairing the bathroom switch is immaterial in the absence of evidence that it caused appellant's injury.

■ Appellants covenanted in the lease to keep the "premises" in good order and surrender them in the condition in which they were received, excepting usual wear and tear and damage not caused by the tenant's negligence; to allow the lessor and his agents access for inspection "or for the purpose of making any repairs Landlord considers necessary or desirable"; and to "give Landlord prompt notice of any defects or breakage in the structure, equipment, or fixtures of said premises." We find no undertaking here to exempt appellee from responsibility for negligence in maintaining the electric system. "Moreover, it is doubtful whether a clause which did undertake to exempt a landlord from responsibility for such negligence would now be valid."[4]

Remanded for new trial.

WILBUR K. MILLER, J., dissents.

[1] Kay v. Cain, 1946, 81 U.S.App.D.C. 24, 154 F.2d 305.

[2] Paratino v. Gildenhorn, 1925, 55 App. D.C. 271, 4 F.2d 938.

[3] Wardman v. Hanlon, 1922, 52 App.D. C. 14, 280 F. 988; O'Hanlon v. Grubb, 1912, 38 App.D.C. 251, 37 L.R.A.,N.S., 1213; Iowa Apartment House Co. v. Herschel, 1911, 36 App.D.C. 457, Ann.Cas. 1912C, 206.

[4] Kay v. Cain, supra note 1, 81 U.S. App.D.C. at page 25, 154 F.2d at page 306.