78 A.2d 671 (1951)
SANTUCCI
v.
MANCUSO et al.
TURNER
v.
MANCUSO et al.
Nos. 1014, 1015.
Municipal Court of Appeals for the District of Columbia.
Argued January 22, 1951.
Decided February 12, 1951.
*672 Joseph H. Schneider, Washington, D. C., with whom Ben Lindas, Washington, D. C., was on the brief, for appellants.
Albert A. Carretta, Washington, D. C., for appellees.
Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.
HOOD, Associate Judge.
Plaintiffs, Mr. and Mrs. Mancuso, sued Mrs. Santucci and Mr. Turner for double overcharge of rent under our local rent act.[1] Their testimony was that the housing accommodations were owned by one Pignatello, and when they talked with him about renting the premises he referred them to his daughter, Mrs. Santucci; that she told them to see Mr. Turner, who apparently is a real estate agent, about renting, but that if they rented they would have to pay her (Mrs. Santucci) an extra $22.50 a month; that a rental agreement was signed by Turner and Mrs. Mancuso calling for a monthly rental of $52.50; that plaintiffs paid $52.50 a month to Turner and $22.50 to Mrs. Santucci. The evidence established that the rent ceiling for the premises was $50 per month. The jury returned a verdict for plaintiffs against Mrs. Santucci on the basis of an overcharge of $22.50 per month and against Turner on the basis of a monthly overcharge of $2.50. Judgments were entered on the verdicts and both defendants have appealed.
Appellants first complain that the trial court failed to give effect to a stipulation entered in a previous suit brought by Mr. Mancuso against Mrs. Santucci involving the same subject matter as this action. There are several answers to this contention. In the first place, the stipulation was entered in the previous action and related to future proceedings in that action. Eventually a nonsuit was taken in the previous action, apparently by consent of all parties. It is probable that the stipulation *673 was intended to have effect only in the action in which it was filed, and that the nonsuit operated as an abandonment or rescission of the stipulation,[2] but assuming otherwise, the trial court was justified in disregarding it in the present proceeding. It appears that part of the stipulation could not be complied with, and that attempted enforcement of the stipulation would have resulted in further delay of a matter which had already been in court too long.[3] A party may be relieved from a stipulation when so doing does not prejudice the other party and will result in expedition of the proceedings. "* * * wherever justice requires a court may set aside a stipulation." Laughlin v. Berens, 73 App.D.C. 136, 139, 118 F.2d 193, 196. Nonenforcement of the stipulation did not prevent Mrs. Santucci from making any defense she had. Mr. Turner was not a party to the stipulation and cannot complain of any action with respect thereto.
Appellant's next point is not too clear. It seems to assert that this suit was maliciously brought, and reference is made to previous cases against Mrs. Santucci and others, including a probate proceeding concerning which there is nothing in the record. The fact is, however, that the merit of this action is established by the verdict of there jury, and a meritorious judgment cannot be set aside merely because of ill feeling by plaintiffs against defendants. Few law suits are brought on a friendly basis.
The next point is that Mr. Mancuso was not a proper party because Mrs. Mancuso alone signed the rental agreement. Since it is evident that she rented the premises as a home for her husband and herself and since both of them paid the rent, we think they were both proper parties in an action for overcharge of rent. In any event, it is not shown that joinder of the husband as plaintiff operated to the prejudice of defendants.
The next point questions the liability of both Mrs. Santucci and Mr. Turner in view of the fact that the premises were owned by Mr. Pignatello. With respect to Mrs. Santucci, she was held liable only for the bonus or extra rent which she exacted as a condition to the rental agreement being made. It is not at all certain that in so doing she acted as agent for her father. She denied receiving the money and consequently there was no evidence of what she did with it. Plaintiffs' evidence, accepted by the jury, is that she demanded and received it. This fixed liability on her. With respect to Turner, the evidence is undisputed that although the ceiling was $50 a month he rented the premises and collected therefor $52.50 a month. His liability for the monthly overcharge of $2.50 is clear.[4]
The final point made is that although plaintiffs testified that they made overpayments to Mrs. Santucci for each of eight months and she denied receiving any payment, the jury by its verdict found payments were made for three months, and the argument is made that on the testimony in the case the jury should have believed in full either plaintiffs or Mrs. Santucci and returned a verdict for plaintiffs for the full amount claimed or a verdict for defendants. This argument assumes, contrary to the record, that plaintiffs' evidence as to each of the payments was the same. Two of the payments were proved by money orders. As to another payment there was evidence that a check had been offered Mrs. Santucci, which she refused to accept, and cash was then paid. Mrs. Santucci admitted the check had been offered but claimed it had been offered for another purpose. The only proof as to the other payments was testimony that they had been made in cash. It may well be that the jury found that payment was proved in the three instances *674 where there was corroborating documentary evidence and that the burden of proof was not sustained as to the others. We find no defect in the verdict.
Affirmed.
NOTES
[1] Code 1940, Supp. VII, 45-1601 et seq.
[2] Cf. Bogart v. United States, 10 Cir., 169 F.2d 210.
[3] The case was here on a previous appeal. Mancuso v. Santucci, D.C.Mun.App., 69 A.2d 274.
[4] Goldberg v. Chas. C. Koones & Co., D. C.Mun.App., 66 A.2d 495; Dunning v. Randall H. Hagner & Co., Inc., D.C. Mun.App., 63 A.2d 770.