(51 Misc. Rep. 611.)

SCHIFF v. POTTLITZER.

(Supreme Court, Appellate Term. November 14, 1906.)

1. LANDLORD AND TENANT—REPAIRS—DUTY TO MAKE.

In the absence of evidence, it is presumable that the demise of an apartment includes the ceiling of the rooms, so that the landlord is under no obligation to repair it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 536.]

2. SAME.

The fact that a landlord had on several occasions made some repairs on the demised apartment, and that he had promised to repair a ceiling, did not show that he retained control of the ceiling, so as to oblige him to repair it.

3. SAME—DEFECTIVE CONDITION OF PREMISES—INJURIES—DAMAGES.

Though a landlord has agreed to keep the demised apartment in repair, and fails to do so, whereby the ceiling falls, injuring the tenant, the measure of damages is merely the expense of doing the work which the landlord failed to do.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 563.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Julia Schiff against Isidor I. Pottlitzer from a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Nadal, Carrere & Jones (Edwin A. Jones and Albert Van Winkle, of counsel), for appellant.

William Hauser, for respondent.

GILDERSLEEVE, J. The action is for personal injuries alleged to have been sustained by the plaintiff through the negligence of defendant. The pleadings are in writing. The only witnesses called were plaintiff and her doctors. The justice gave judgment for the plaintiff. The defendant appeals.

The facts are as follows, viz.: The plaintiff was a tenant in defendant's apartment house. In December, 1905, plaintiff noticed that the ceiling in the kitchen of the apartment occupied by her was cracked and broken, and looked to be in an unsafe condition. She immediately notified the janitor of this fact, and also took advantage of the presence of the defendant himself in her apartment to call his attention to the kitchen ceiling and to ask him to have it placed in a proper condition. He promised to do so, but failed to keep such promise. Although she repeatedly called upon the janitor or the defendant to repair this ceiling, nothing was done until after January 12, 1906. On that date, when the plaintiff was in her kitchen, the ceiling suddenly fell upon her, causing the severe injuries of which she here complains. No act of the plaintiff in any way tended to cause said ceiling to fall. What the nature of the lease was the evidence does not disclose. It is alleged, however, in the complaint, that defendant retained absolute control of the ceilings in said premises, which allegation is denied in the answer.

In the absence of proof, or an admission to the contrary, the assumption is that the demise of an apartment includes the ceilings of the rooms, and in such a case the liability of the defendant would be governed by the ordinary rules which obtain between landlord and tenant. Kushes v. Greenberg, 99 App. Div. 419, 91 N. Y. Supp. 216. The only circumstances claimed as in any way tending to show the retention of control by defendant of the leased premises are that he had made other repairs in said apartment during the period of plaintiff's tenancy and had promised to make repairs to the ceiling in question. The mere fact, however, that the landlord has on several occasions made some repairs, and that before the falling of the ceiling in question he had promised to have it put in good condition, does not, of itself alone, warrant the conclusion that he retained control of the ceilings, or that, by the terms of the lease, he was obliged to repair the same; but it merely shows that he was willing to do a certain amount of work. Unless he was bound by the terms of the lease to repair, he was under no obligation as landlord to do so, and therefore his promise, made before the accident, to have the ceiling put in order, was without any consideration. Bronner v. Walter, 15 App. Div. 296, 297, 44 N. Y. Supp. 583. No duty rests upon a landlord to repair premises which he has demised, or to keep them in tenantable condition, unless such duty has been created by the contract.

Assuming, however, that such an agreement has been made by the landlord, the measure of damage for the breach of the contract is the expense of doing the work which the landlord agreed to do, but did not. A contract to repair does not contemplate, as damages for the failure to keep it, that any liability for personal injuries shall grow out of the defective condition of the premises, because the duty of the tenant, if the landlord fails to keep his contract to repair, is to perform the work himself and recover the cost in an action for that purpose, or upon a counterclaim in an action for the rent, or, if the premises are made untenantable by reason of the breach of the contract, the tenant may move out and defend in an action for the rent as upon an eviction. But, if the landlord fails to keep his contract to repair, the tenant is not at liberty to permit the premises to remain in an unsafe condition, and stay there, at the risk of receiving injury on account of the defects in the premises, and then recover as for negligence for any injuries that he may suffer. Schick v. Fleischauer, 26 App. Div. 210, 49 N. Y. Supp. 962.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.