**PARATINO v. GILDENHORN et al.**

(Court of Appeals of District of Columbia. Submitted March 5, 1925. Decided April 6, 1925.)

No. 4167.

1. **Landlord and tenant ⚌150(1)—In absence of statute or express lease provision, landlord not obligated to make ordinary repairs.**

In absence of statute or express covenant or stipulation in lease, there is no obligation on part of landlord to make ordinary repairs on leased premises.

2. **Landlord and tenant ⚌154(5) — Directed verdict for defendant in tenant's action for water damage held error.**

In tenant's action for water damage, where evidence indicated existence of general water system, for which landlord assumed responsibility, and an actual, though unsuccessful, attempt by him to meet such obligation, and that damages resulted from defect in water system, rather than negligence of cotenants in using appliances, directed verdict for defendant was error.

Error to Municipal Court of District of Columbia.

Action by Spero Paratino against William Gildenhorn and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

W. Bissell Thomas, of Washington, D. C., for plaintiff in error.

A. L. Newmeyer and M. W. King, both of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, and ROBB, and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a writ of error to the municipal court of the District of Columbia in an action by a tenant, occupying the first floor of a two-story building of defendants in error, for damages occasioned by water which leaked through the ceiling as a result of alleged negligence on the part of defendants in error in maintaining the water system on the upper floor.

The written lease, introduced in evidence, provided that "the lessor has leased to the lessee the storeroom in premises No. 1532 Seventh Street, Northwest, and the garage

in the rear." The lease further provided that the tenant would use the premises "only for business purposes; * * * that he will pay the water rent for water used in said storeroom and garage during the said term; * * * that any and all repairs necessary to be made to and upon the said storeroom and garage shall be made and paid for by the lessee."

The evidence for the plaintiff in error tended to establish the following facts: There were two stores on the first floor of the building and two apartments above. Plaintiff in error had no control over any part of the building not occupied by him. Upon the first occasion when water leaked through the ceiling, he notified defendants in error, who agreed to attend to the matter and did send a plumber, who temporarily stopped the leakage. A few days later water again leaked through, and the same notice was given the landlord, with the same result. Subsequently, during the night, when the tenant was not present, water came through the ceiling in such volume that in the morning it was two or three inches deep on the floor and had spoiled 175 boxes of oranges placed there in bulk. Holes had to be bored in the floor to release the water. One witness said: "I was in his [tenant's] store in the beginning of January, when it was full of water. It was like a shower, dripping down from the ceiling constantly, and they had planks on the floor. It was full of oranges, all around the wall, piled up. They were not boxed. The water saturated any number of them."

At the close of the evidence for plaintiff in error, the defendants in error moved for a directed verdict. The court, expressing the view that negligence on the part of the landlord had not been shown, granted this motion. Exception was noted, and this writ of error allowed.

[1] In the absence of statute, or express covenant or stipulation in the lease, there is no obligation on the part of the landlord to make ordinary repairs on the leased premises. Iowa Apartment House v. Herschel, 36 App. D. C. 457, 463, Ann. Cas. 1912C, 206. Formerly, where a landlord leased parts of his building to different tenants, the tenancy of each was independent of that of the others. But, with the advent of modern conveniences and appliances conditions materially changed. Thus, in the case cited, we held that as to a tenant of an apartment house containing a central heating plant for the entire building of many apartments, and which was controlled and operated by the owner, it was the duty of the landlord to provide, keep in repair, and properly and reasonably inspect the entire heating system. See, also, O'Hanlon v. Grubb, 38 App. D. C. 251, 37 L. R. A. (N. S.) 1213.

[2] In the present case, the uncontradicted evidence would have warranted a jury in finding that the damages resulted from a defect in the water system for the building, for the action of the landlord in twice agreeing to have the defect remedied, and in sending a plumber for that purpose, indicated a defect in the system rather than negligence in the use of appliances by the tenant or tenants over the store of the plaintiff. In Freidenburg & Co. v. Jones et al., 63 Ga. 612, a case quite similar to the one under consideration, the court said: "First, if damage result to a tenant of the lower floor of a building by reason of the escape of water from the bathtubs constructed and used above, by reason of improper construction thereof, the landlord will be liable, though the room containing the water arrangements be rented out to a tenant, and that tenant have the exclusive right and control thereof; secondly, if the bath fixtures be properly constructed, then the landlord is not liable, but the tenant will be, if the tenant be in exclusive control and possession of the water closets."

In McCarthy v. York Co. Savings Bank, 74 Me. 315, 43 Am. Rep. 591, damages were caused by the negligent use of proper and reasonably safe appliances by a tenant overhead. It was held that no liability attached to the landlord, but the court disclaimed any intention of "considering * * * the construction or condition of the water pipes generally throughout the building."

In Ingwersen v. Rankin, 47 N. J. Law, 18 54 Am. Rep. 109, it was held that a landlord, whose tenant creates a nuisance on the demised premises during the term, will not be liable therefor, so long as he has no right to re-enter or power to abate, but will become liable for its continuance, and cannot evade liability by a renewal of the lease with covenants to repair and without having taken actual possession. The court said: "The test of his [landlord's] liability in such case is his power to have remedied the wrong." See, also, Brunswick-Balke-Collender Co. v. Rees, 69 Wis. 442, 34 N. W. 732, 2 Am. St. Rep. 748.

In this case the evidence indicated, not only the existence of a general water system for which the landlord assumed responsibility, but an actual, though unsuccessful, attempt by him to meet such obligation. Deal-

ing with the facts as thus far disclosed, the question of the landlord's liability was one for the jury.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.