ELEANOR BROWN, BY HER NEXT FRIEND, ET AL., PLAIN-TIFFS-RESPONDENTS, v. WEBSTER REALTY COMPANY, DEFENDANT-APPELLANT.

Submitted May term, 1929—Decided June 28, 1929.

588

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs-respondents, *John L. Ridley.*

For the defendant-appellant, *Harley, Cox & Walburg.*

PER CURIAM.

This suit was commenced in the Second District Court of Jersey City to recover damages for personal injuries. The plaintiff Clarence Brown was a tenant of premises No. 228 Hancock avenue, Jersey City, living with his child and wife, the other plaintiffs. The charge is that on September 28th, 1928, the kitchen ceiling of the premises fell, striking Eleanor Brown and Mabel Brown, causing the injuries complained of. Negligence in maintaining the ceiling in a defective condition is charged. The case was tried by the court with a jury, resulting in verdicts for the plaintiffs Eleanor Brown, $50; Clarence Brown, $18; Mabel Brown, $100. The defendant appeals and files fourteen specifications of determinations, with which it is dissatisfied in point of law. The judgments will have to be reversed on account of trial errors. The case was submitted to the jury by the trial judge in the charge to the jury on a theory of the law that is fundamentally unsound. It is the settled law in New Jersey applied to the liability of a landlord for injuries to the tenant, viz.: As a general rule the landlord is not liable for injuries sustained by a tenant or his family or guests by reason of the injurious condition of the premises demised, there being in the letting of a house or lands no implied contract or condition that the premises are or shall be fit and suitable for the use of the

tenant. *Reilly* v. *Feldman,* 103 *N. J. L.* 517, 518; *Siggins* v. *McGill,* 72 *Id.* 264.

Therefore, it was error to submit the case to the jury on the theory that liability might be predicated upon the mere fact that the agent of the defendant company had been told of the crack in the ceiling and that he looked at the crack and it was for the jury to say whether he had notice of the crack, it was his duty to repair it. So, it was error to charge the jury: "If you find that the accident was caused by the negligent act of the defendant company, you may bring in a verdict in the sum of whatever you feel like after a discussion of the testimony and an agreement, among you men, as you do in the jury room, up to $500."

The vice of this instruction is, it fails to fix a standard for the guidance of the jury on the subject of damages. The judgments of the Second District Court of Jersey City is therefore reversed.