## GRACE v WILLIAMS

Ohio Appeals, 1st Dist, Hamilton Co
No 3571. Decided Feb 24, 1930

J. A. McDonald, Cincinnati, for Grace.
Thos. L. Michie and A. J. D. Bussdicker, both of Cincinnati, for Williams.

ROSS, J.

The petition fails to state a cause of action and no liability was proved against the landlord.

A motion was made at the close of the plaintiff's evidence for an instructed verdict, but this motion was not renewed at the close of all the evidence.

In view of the defect in the petition and the failure of proof, the court, under such state of facts ought to have instructed a verdict at the close of plaintiff's case for defendant, and the charge of the court was manifestly and prejudicially erroneous, in submitting the case to the jury, there being no evidence of any liability on the part of the landlord.

Two rules of law are involved: First, the landlord is under no obligation to repair premises, if he has not covenanted to do so. 16 R. C. L. 552; **Goddall v. Deters, 121 Ohio St., 267, (O. L. B. January 27, 1930).** Second, the promise to make repairs during tenancy must be supported by a new consideration. 16 R. C. L. 553: "It has frequently been held that the landlord is under no obligation to make repairs, unless such a stipulation is made a part of the original contract, and that any subsequent promise to make repairs, founded merely on the relation of the parties, and not one of the conditions of the lease, is without consideration, and for that reason creates no liability."

In the case of Schiff v. Pottlitzer, 51 Misc. New York, 611, the syllabus is as follows:

"Where, in an action by a tenant to recover for personal injuries caused without fault on her part by the fall of the kitchen ceiling, the evidence does not disclose the nature of the lease, the landlord is not liable, although, prior to the accident, his attention had been repeatedly called to the condition of the ceiling and he had failed to keep his promise to put it in proper condition, such promise being without consideration.

In the absence of proof or an admission to the contrary, the presumption is that a lease in an apartment includes the ceilings of the rooms; and the mere fact that the landlord had, on several occasions, made some repairs, does not of itself warrant a conclusion that he retained control of the ceiling or that by the lease he was obligated to repair the ceiling."

See also: Note, 43 A. L. R. 1494.

For the reasons given, the judgment will be reversed, and judgment will be entered here in favor of the plaintiff in error.

Cushing, PJ, and Hamilton, J, concur.