## HARISTON v. WASHINGTON HOUSING CORPORATION.

### No. 341.

Municipal Court of Appeals for the District of Columbia.

Jan. 8, 1946.

Sandolphra Robinson, of Washington, D. C., for appellant.

Frank T. Fuller, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This was a suit for damages caused by the falling of a plaster ceiling in an apartment leased by plaintiff from defendant-owner. The lease contained the familiar clause requiring the lessee to deliver the premises "in the same order in which it was received, usual wear and tear, fire and storm excepted." Plaintiff testified that a few days before the ceiling fell she had requested defendant to repair the paper around the electric light fixture in the center of the room. She also testified that defendant had during the four years of her tenancy kept the lights, lighting fixtures and windows in repair and had promised to paper the kitchen walls; that she "understood and believed" it was the owner's duty to keep the premises in repair, since it had always made repairs and did not refuse to repair or paper the ceiling; that she had not seen any break in the plaster, but that the paper around the light was broken and sagging and there was a crack or hole around the light, and this she reported to defendant. It was not denied that after the ceiling fell defendant repaired it.

Defendant adduced testimony as to the inspections it had made of the property, and also testimony tending to show that it had not received notice of any defect in the ceiling. The trial judge made a general finding for defendant and from the resulting judgment, plaintiff appeals.

No local statute governs this situation and we must therefore look to the common law as reflected in decisions of the Supreme Court, of our United States Court of Appeals, and the courts of some of the states. In those decisions we encounter the well-established rule, that generally, in the leasing of a house there is no implied warranty by the lessor that the structure is safe or well-built or reasonably fit for the occupancy intended. Therefore in the absence of an express agreement by the lessor to repair, or a fraudulent mis-

representation as to the condition of the premises, or deceit or concealment by the landlord, the tenant takes the risk of safe occupancy, and takes the property as he finds it, "under the gracious protection of caveat emptor." [1] The Supreme Court had many years before declared that to be the common law.[2]

And though apartment house tenancies have been held distinguishable *in some respects* from ordinary tenancies,[3] the distinction arises only when the landlord has retained direct or exclusive control of some part of the premises, and is therefore chargeable with its safe and proper maintenance. For example, a landlord is responsible for the proper maintenance of a common entrance or stairway,[4] and for sufficient lighting thereof.[5] He is also liable for failure to keep in proper repair a central heating or plumbing system which he, and not the tenant, controls.[6] The landlord is also responsible for failure to repair a roof which is under his control.[7]

We mention in passing that it has very recently been held that the landlord is responsible also for an unsafe condition created by him, or resulting from the negligence of an independent contractor employed by him. Bailey v. Zlotnick, App.D.C., 149 F.2d 505, 506. We mention also that in the case just cited the Court said, "Here it was the tenant's duty to repair and *there would have been no violation of the landlord's duty had the plaster fallen through mere neglect."* [8] Thus the Court clearly distinguished between mere nonfeasance, or failure to repair, and misfeasance, or negligence in the course of making repairs.

In a recent apartment house case there was a claim for injuries received when a window in the apartment fell on tenant's hand. The Court again applied the familiar rule of no implied warranty, and approved an instruction that the burden was on the tenant to prove a condition of unusual risk in the apartment, unknown to tenant, but known to the owner.[9]

Except for Bailey v. Zlotnick, supra, there is no decision in this jurisdiction dealing with liability of a landlord for falling plaster or ceilings; but in other jurisdictions it has been held that, unless he has retained control of the ceiling, the landlord is not liable for such a happening.[10]

In this case there were no special circumstances creating liability in the landlord, no retention of possession or control by him, and consequently no duty to answer in damages for the injuries sustained by the tenant.

Affirmed.

---

[1] Lawler v. Capital City Life Insurance Co., 62 App.D.C. 391, 68 F.2d 438, 439. See also Howell v. Schneider, 24 App.D. C. 532; Hughes v. Westchester Development Corporation, 64 App.D.C. 292, 77 F. 2d 550, 551.

[2] Viterbo v. Friedlander, 120 U.S. 707, 7 S.Ct. 962, 30 L.Ed. 776.

[3] Iowa Apartment House Co. v. Herschel, 36 App.D.C. 457, Ann.Cas.1912C, 206; O'Hanlon v. Grubb, 38 App.D.C. 251, 37 L.R.A.,N.S., 1213.

[4] Walker v. Dante, 61 App.D.C. 175, 58 F.2d 1076; Pessagno v. Euclid Inv. Co., 72 App.D.C. 141, 112 F.2d 577.

[5] Phillips v. Capital Inv. & Guar. Co., D.C.Mun.App., 32 A.2d 249.

[6] Iowa Apartment House Co. v. Herschel, supra; O'Hanlon v. Grubb, supra; Wardman v. Hanlon, 52 App.D.C. 14, 280 F. 988; Paratino v. Gildenhorn, 55 App. D.C. 271, 4 F.2d 938.

[7] Shipley v. Fifty Associates, 101 Mass. 251, 3 Am.Rep. 346; Looney v. McLean, 129 Mass. 33, 37 Am.Rep. 295; Payne v. Irvin, 144 Ill. 482, 33 N.E. 756.

[8] Emphasis supplied.

[9] Carusi v. Schulmerick, 69 App.D.C. 76, 98 F.2d 605, certiorari denied 305 U.S. 645, 59 S.Ct. 148, 83 L.Ed. 417. The Court cited Restatement, Torts, Sec. 358, where it is pointed out that in cases where the landlord conceals an unsafe condition, his liability is based not upon his failure to keep the premises in repair, but upon his concealment of a potentially dangerous condition.

[10] Brown v. Webster Realty Co., 7 N.J. Misc. 587, 146 A. 671; Grace v. Williams, 36 Ohio App. 569, 173 N.E. 448; Schiff v. Pottlitzer, 51 Misc. 611, 101 N.Y.S. 249; Ripple v. Mahoning National Bank, 143 Ohio St. 614, 56 N.E.2d 289; Miller v. Vance Lumber Co., 167 Wash. 348, 9 P.2d 351.