KARL W. CORBY CO., Inc. v. ZIMMER.

No. 1348.

Municipal Court of Appeals for the
District of Columbia.

Re-argued Sept. 9, 1953.

Decided Oct. 1, 1953.

John J. Beatty, III, Washington, D. C.,
with whom Stephen G. Ingham, Washing-
ton, D. C., was on the brief, for appellant.

James T. Barbour, Jr., Washington, D. C.,
with whom Charles D. Sanger, Jr., Wash-
ington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD. and QUINN, Associate Judges.

QUINN, Associate Judge.

Early on the morning of October 17,
1950, a fire occurred in an apartment di-
rectly above an apartment occupied by Zim-
mer. Some of the water used to extinguish
the fire seeped through the floor into Zim-
mer's apartment. Later that day Zimmer
noticed that the ceiling in his living room

had buckled in several places. He immediately notified appellant of this condition. Asher, a representative of appellant, inspected the apartment that same day and said that "he would take care of it." Nothing was done despite several telephone calls to Asher informing him that the condition was getting worse. Five days later the plaster fell. Two pieces of furniture were totally destroyed, and the remaining pieces were damaged. Suit was filed and Zimmer was awarded a judgment for $263.

Appellant has assigned two errors. The first contention is that the trial court erred in finding the appellant corporation liable, inasmuch as there was no showing of any duty or obligation on its part to maintain or repair the damaged ceiling.

Contending that there was no duty on it to repair the ceiling, appellant argues that there was no showing of any relationship between itself and the owner of the apartment building. We agree that there was no duty on the appellant corporation (or the owner), but do not think it necessary to discuss the agency question raised by appellant.

 Before a party can prevail in an action such as this, he must first show a duty on the part of the landlord (or his agent) to make the repairs in question. This duty must arise either from a contract or from an obligation in tort, as it is well settled that generally there is no obligation on a landlord to make ordinary repairs. Bowles v. Mahoney, 91 U.S.App.D.C. 155, 202 F.2d 320, certiorari denied, 344 U.S. 935, 73 S.Ct. 505; Paratino v. Gildenhorn, 55 App.D.C. 271, 4 F.2d 938; 32 Am.Jur., Landlord and Tenant, § 657. We can find neither in the present case. Appellee contends that three clauses of the lease when read together place such a contractual duty on the landlord. Those provisions are: (1) the tenant should keep the prem-

ises in good order and condition, and surrender them in the same order as received, usual wear and tear and damage not caused by the tenant's negligence excepted; (2) that the tenant will allow the landlord access to the premises for the purpose of inspection or for making any repairs that the landlord may consider necessary or desirable; (3) that the tenant will give the landlord prompt notice of any defects in the structure and equipment or fixtures. In Walker & Dunlop v. Gladden,[1] we held that provisions in a lease almost identical with the present lease could not be construed to place a duty on the landlord to make repairs. The reservation by the landlord of the right to make repairs in the tenant's apartment, for the protection of his property, and for the convenience and comfort of the tenant, cannot be used to place such a duty on the landlord, nor can such an obligation be placed on the landlord because he has voluntarily made repairs to the premises in the past.[2]

 As there was no contractual liability on appellant's part, the case against appellant can only be founded in tort. But here again the authorities are conclusively against our finding any obligation to the tenant in the present case. The common law rule against holding a landlord liable for repairs, or any damages which result from a failure to repair, was based on the theory that the tenant was the "owner" of the premises for the term of his tenancy, and being in control of the premises as a whole, was responsible for its maintenance and upkeep.[3] With the advent of apartment-house dwellings, the common law rule was modified so as to make the landlord responsible for those areas used in common by all the tenants, because these areas are under the control of the landlord. Kay v. Cain, 81 U.S.App.D.C. 24, 154 F.2d 305. It has been held that the landlord has control and is therefore responsible for the

1. D.C.Mun.App., 47 A.2d 510, reversed on other grounds, Gladden v. Walker & Dunlop, 83 U.S.App.D.C. 224, 168 F.2d 321.

2. Bowles v. Mahoney, supra. See also annotation 150 A.L.R. 1369.

3. Bowles v. Mahoney, supra (dissenting opinion).

common stairways,[4] the roof,[5] and the heating,[6] plumbing,[7] and electrical systems.[8] The test, therefore, for fixing the landlord's liability is one of control. Can it be said that the landlord in the present case had control over the ceiling of appellee's apartment? We think not. This ceiling was not used in common by all the tenants as are the entrance or stairways in an apartment building. Nor can it logically be said that the ceiling was part of a system which must be used in conjunction with all of its parts, as the electrical system that existed in the Gladden case. In Hariston v. Washington Housing Corporation,[9] we had an almost identical factual situation. In holding the landlord not liable for injuries received from falling plaster, we stated:

" * * * in the absence of an express agreement by the lessor to repair, or a fraudulent misrepresentation as to the condition of the premises, or deceit or concealment by the landlord, the tenant takes the risk of safe occupancy, and takes the property as he finds it, * * *.

"In this case there were no special circumstances creating liability in the landlord, no retention of possession or control by him, and consequently no duty to answer in damages for the injuries sustained by the tenant."

In Bailey v. Zlotnick,[10] another case of falling plaster, the United States Court of Appeals ruled: "Here it was the tenant's duty to repair and there would have been no violation of the landlord's duty had the plaster fallen through mere neglect." There are numerous "falling plaster" cases in other jurisdictions which support this conclusion.[11]

█ Nor could the statement of appellant's representative that he would take care of the ceiling impose a duty on appellant to make these repairs. It is an established rule that where the landlord has no existing obligation to repair premises, a promise by him to repair is *nudum pactum* unless supported by a new consideration. Grace v. Williams, supra; Schiff v. Pottlitzer, 51 Misc. 611, 101 N.Y.S. 249; Fortner v. Moses, D.C.Mun.App., 49 A.2d 660. In the Fortner case just cited the landlord repeatedly promised to repair the back steps of the tenant's house. He failed to do so and the tenant's wife was injured when she fell because of the defective condition of the steps. We affirmed a directed verdict for the landlord, ruling that his promises would not render him liable as they were supported by no new consideration.

Thus, as there could be no duty on either appellant or the owner of the premises in the present case, it is not necessary for us to decide the question of appellant's agency. Nor is it necessary to discuss appellant's second contention that appellee was contributorily negligent in failing to move his furniture from under the danger areas of the ceiling. As there was no negligence on appellant's part, the question of contributory negligence becomes immaterial.

Reversed.

4. Kay v. Cain, supra.

5. Abramowitz v. Schlessinger, Sup., 152 N.Y.S. 337.

6. Iowa Apartment House Co. v. Herschel, 36 App.D.C. 457.

7. Wardman v. Hanlon, 52 App.D.C. 14, 280 F. 988, 26 A.L.R. 1249.

8. Gladden v. Walker & Dunlop, supra.

9. D.C.Mun.App., 45 A.2d 287.

10. 80 U.S.App.D.C. 117, 149 F.2d 505, 162 A.L.R. 1108.

11. Tauber v. Rochelsky, 90 Misc. 382, 153 N.Y.S. 199; Schick v. Fleischhauer, 26 App.Div. 210, 49 N.Y.S. 962; Brown v. Webster Realty Co., 146 A. 671, 7 N.J. Misc. 587; Grace v. Williams, 36 Ohio App. 569, 173 N.E. 448; Miller v. Vance Lumber Co., 167 Wash. 348, 9 P.2d 351; Seligman v. Simon, Del.Super., 83 A.2d 682.