**BARKER FURNACE CO., Plaintiff-Appellee, v. LAMBERT, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2263.   Decided December 2, 1953.

Curtner, Brenton & O'Hara, Dayton, By Mr. Lloyd H. O'Hara, Of Counsel, for plaintiff-appellee.

A. W. Schulman, Dayton, for defendant-appellant.

### OPINION

By MILLER, J.:

This case comes into this Court upon an appeal on questions of law from the judgment of the Municipal Court of the City of Dayton, Ohio. The parties will be referred to as they appeared in the trial court.

The record reveals that the action was one for balance due upon the purchase price of a furnace installed in the home of the defendant. The defendant filed an answer admitting the amount alleged in the petition was due but also filed a counterclaim for damages resulting to his home alleging negligence on the part of plaintiff, that while cleaning the furnace pipes in accordance with the contract the work was performed so unskillfully and so negligently as to cause soot and dirt to collect on the walls, floors, draperies, etc., to such a degree that the defendant was forced to repaint the interior of the house and have the draperies and rugs cleaned, all to the defendant's damage in the sum of $319.00.

The case was tried to the court which found for the plaintiff on the petition for the amount alleged to be due and against the defendant on the counterclaim for damages. A separate finding of law and fact was requested and in response thereto the court made the following finding:

"The Court finds that at the defendant's request the plaintiff did install a new furnace and clean the air pipes and ducts at the agreed price of $469.60.

"On the counter-claim the Court finds that the plaintiff cleaned the air pipes and ducts according to methods customarily used in the trade and also that defendant failed to establish any negligence in the performance of the contract."

It is first urged that the judgment is against the manifest weight of the evidence with reference to the defendant's counterclaim for damages. We have carefully examined the bill of exceptions and find that there was

a conflict in the testimony on all of the factual issues presented; hence we cannot say that the court erred as alleged in this assignment.

It is next urged that the Court erred in its finding of fact, to-wit, that that the defendant failed to establish any negligence by the plaintiff in the performance of the contract. It is urged that damages were proven and under the doctrine of res ipsa loquitur negligence was established which required proof on the part of the plaintiff showing that due care was exercised in the performance of the work; that the court erred as a matter of law by employing the wrong method to determine the liability of the plaintiff on the cross-petition. The record discloses that some dirt, dust and soot were deposited throughout the house as a result of the blowing out of the air ducts leading to the furnace. Hence, there was some damage, and since the instrumentality causing the same was under the sole control of the plaintiff it may well be argued that the doctrine of res ipsa loquitur has application. The plaintiff denies the instrumentality causing dirt was under its exclusive control, but we think the record does not support it on this proposition. The question therefore presented is whether the proof of facts calling for the application of the doctrine is prima facie proof of negligence. Some of the earlier cases decided by our Supreme Court support this conclusion but the more recent ones hold that it only warrants an inference of negligence. In **29 O. Jur. 636, Section 156**, the author says:

"Res ipsa loquitur means that the facts of the occurrence warrant an inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence, where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, and not by the court. All that the rule of res ipsa loquitur means is that the circumstances involved in or connected with an accident may be of such unusual character as to justify, in the absence of any other evidence bearing upon the subject, the inference that the accident was due to the negligence of the one having possession or control of the article or thing which caused the injury, because, in the absence of explanation, this is the only fair and reasonable conclusion."

The rule is also clearly stated in **Weller v. Worstall, 129 Oh St 596,** at page **600**, wherein Zimmerman, J, says:

"That doctrine is a rule of evidence peculiar to the law of negligence, and amounts to a qualification of the general rule that negligence is never presumed but must be affirmatively proved. Briefly stated, the doctrine is that where the instrumentality or thing which caused the injury complained of is shown to be under the management and control of a defendant, and the accident is such as in the ordinary course of events does not happen if proper management and control is exercised, it affords reasonable evidence, in the absence of explanation by such defendant, that the accident arose from want of care, and permits the inference of negligence. **29 O. Jur. 631, Sec. 153 et seq.,** citing Ohio cases; 20 Ruling Case Law. 185, Section 156; 45 Corpus Juris, 1193, Section 768, et seq. It is founded on an absence of specific proof of acts or omissions constituting negligence.

"The Supreme Court of the United States said in Sweeney v. Erving, 228 U. S. 233, 240, 33 S. Ct., 416, 418, 57 L. Ed., 815, 819, Ann. Cas., 1914D, 905, 907: 'In our opinion, res ipsa loquitur means that the facts of the occurrence

warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal; not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff.' And see the definition contained in Graham v. Badger, 164 Mass., 42, 41 N. E., 61.

While the doctrine does not require that negligence must be inferred from the mere occurrence of an accident, if the accident and the circumstances under which it took place give ground for a reasonable inference that if due care had been exercised the thing that happened amiss would not have happened, the law says 'res ipsa loquitur'. Wardman v. Hanlon, 280 F., 988, 52 App. Cas. (D.C.), 14, 26 A.L.R. 1249."

See also, the following most recent cases supporting the rule: **Collins v. McClure, 143 Oh St 569; Fink v. New York Central Rd. Co., 144 Oh St 1; Renneckar v. Canton Terminal Restaurant, 148 Oh St 119; Kaltenbach v. Cleveland, C. & C. Highway, 82 Oh Ap 10.**

It is, therefore, our conclusion that upon proof of facts calling for the application of the doctrine the court did not err in finding the plaintiff not guilty of neglgence as a matter of law.

We find no error in the record, and the judgment will be affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.