George R. WILLIAMS, Appellant,

v.

Manuel AUERBACH, t/a Auerbach & Company, Appellee.

No. 5824.

District of Columbia Court of Appeals.

Argued Aug. 23, 1971.

Decided Jan. 6, 1972.

Wm. Hammond Thomas, Washington, D. C., for appellant.

Jacob S. Levin, Langley Park, Md., for appellee.

Before FICKLING, GALLAGHER, and REILLY, Associate Judges.

REILLY, Associate Judge:

This appeal challenges a directed verdict for defendant in a negligence action brought by the lessee of a single house against his landlord for injuries incurred when ceiling plaster in one of the bedrooms· fell on him. The lessee, after submitting evidence with regard to the circumstances and extent of his injuries and that about a month previous to the accident he had complained to the landlord's agent about a crack in the ceiling, rested. The landlord moved for a directed verdict.

In support of this motion, the landlord asserted that no obligation on his part to maintain the ceiling in a safe condition had been shown. The lessee argued that (1) such an obligation existed by the very nature of a landlord-tenant relationship, (2) the burden of disproving such duty by rea-

son of provisions to the contrary in a written lease was on the landlord, and (3) in any event, Javins v. First National Realty Corporation, 138 U.S.App.D.C. 369, 428 F.2d 1071 (1970), established a duty on the part of the landlord to maintain the premises in accordance with District of Columbia housing regulations.

The trial judge noted that neither the lease nor the regulations had been offered in evidence. He pointed out that at common law there was no duty to make repairs when the entire premises were rented, and that in the absence of a showing that the landlord undertook such an obligation by lease or otherwise, no prima facie case had been established. The court then directed the jury to render a verdict in favor of the defendant.

On appeal, the action of the trial court in directing a verdict is assailed on a number of grounds. In our view, however, none justifies reversal.

■ Two of the issues raised by appellant may be dealt with summarily. One is that the jury should have been permitted to draw its own inference from the failure of the landlord to introduce the written lease which was in his possession and which—although identified by plaintiff on cross-examination by the landlord's counsel—was never offered as an exhibit. It is well settled at common law as well as in this jurisdiction, however, that a tenant suing in tort for a breach of an obligation to make repairs must show that the landlord owed such an obligation either by contract, Karl W. Corby Co. v. Zimmer, D.C.Mun. App., 99 A.2d 485 (1953), by statute, McCoy v. Coral Hills Associates, Inc., D.C. App., 264 A.2d 896, 898 (1970),[1] or by valid municipal regulation, Whetzel v. Jess Fisher Management Co., 108 U.S.App.D.C. 385, 282 F.2d 943 (1960). If the lease in this case imposed such an obligation on

1. In this case, the property occupied by the tenant was in Maryland, and the court noted the cause of action by the tenant depended on a Maryland statute which rendered inapplicable a clause in a

lease relieving the landlord from liability in certain ·situations. There is no corresponding statute with respect to District of Columbia dwellings.

the landlord, plaintiff not only had the opportunity but the duty to offer in evidence the document his adversary had marked for identification. Nor did the fact that the landlord here had made some repairs on one occasion entitle plaintiff to go to the jury, for a gratuitous action does not convert a previous nonexistent obligation into a legal duty. Karl W. Corby Co. v. Zimmer, *supra*, 99 A.2d at 487; Fortner v. Moses, D.C.Mun.App., 49 A.2d 660 (1946).

One aspect of the case implicit in the appeal does merit more extended discussion. That is the question of whether a mere general reference of appellant's counsel in his closing argument to the "housing regulations" was sufficient to deter the trial court from granting the motion for a directed verdict. The court's ruling that such a motion was in order because no housing regulations had been introduced in evidence is supported by one of the leading authorities in this jurisdiction, McKey v. Fairbairn, 120 U.S.App.D.C. 250, 345 F.2d 739 (1965). In that case, a majority of the United States Court of Appeals for this circuit held that in a suit against a landlord for injuries received in a fall on a wet floor resulting from a leak in the roof, it was the duty of the tenant to keep the premises in safe condition where the lessor had parted with possession of the entire house under a lease not requiring him to make repairs. That court sustained the exclusion of a District of Columbia housing regulation not cited in the complaint or in the pretrial statement which assertedly made it the duty of the landlord to maintain the property on the ground that even though such regulation had been offered in evidence, the trial judge acted within the scope of his discretion in not permitting plaintiff to change her theory of the case.

Manifestly, *McKey* would be controlling here, were it not for Banks v. B. F. Saul Company, D.C.App., 212 A.2d 537 (1965), a decision handed down a few months later by this court.[2] There, it was held to be reversible error for a trial court to refuse to take judicial notice of a certain housing regulation drawn to its attention at the opening of the trial, even though such regulation had not been mentioned at a pretrial conference or offered in evidence. More recently the circuit court, without adverting to either *McKey* or *Saul*, suggested in a footnote that a trial court should consider the impact of specific housing regulations on the case before it, if either counsel cited a decision of an appellate court referring to such regulations. *See* Clarke v. O'Connor, 140 U.S.App.D.C. 300, 435 F.2d 104, 110 n. 15 (1970). This observation was merely *obiter*, however, as plaintiff's theory of recovery, sustained on appeal, rested on negligence of the landlord's agent in installing equipment.

With the authorities in this seeming state of disarray some clarification for the guidance of trial courts seems appropriate. We agree with the observations of this court in the *Saul* case, *supra*, that District of Columbia housing regulations fall within the province of judicial notice. This means that such regulations need not be offered in evidence with all the formality incident to documentary proof of the law of another jurisdiction. But the duty of a trial judge to take judicial notice does not mean that a party depending on such regulations should be permitted to rely on acts of negligence neither pleaded nor relied upon at trial. To charge a defendant with violation of a housing regulation is to charge him with an act of negligence concerning which he should be informed at the beginning of trial, otherwise the defense would be taken by surprise.

This burden is not satisfied by a passing reference, after testimony has been taken, to a prior decision alluding to some regulation one of the parties believes helpful to him. To hold otherwise would be most unfair to the party having to meet the issue of violating pertinent regulations. What are popularly called the "housing regulations" consist of a looseleaf pamphlet of some 90 printed pages. Many of the regu-

---

2. Neither party cited this decision in brief or argument.

lations contained therein are couched in general terms, others are most specific; some require compliance by owners, some by occupants, others by both.

In *Whetzel, supra,* the court construed a housing regulation as imposing a duty on the owner of an apartment house to make ceiling repairs in an apartment occupied by a tenant for several months. Holding that such regulation was authorized by D.C.Code 1951, § 47–2328,[3] the court found it unnecessary to decide whether there was statutory authority to support its application to dwellings with less than two families, as the building in question provided accommodations for several families.[4] The *McKey* case, like the one before us, involved a single dwelling but the court there while noting this distinction also left the question open, and affirmed the directed verdict for the lessor on other grounds. For similar reasons we deem it unnecessary to pass upon the scope of the exemption in § 47–2328. The *Javins*[5] decision, cited by

appellant, is not dispositive of the matter, for all the tenants involved in those cases were occupants of apartments in a multi-unit building.

We find the instant case distinguishable from *Saul.* There, the court was asked at the threshold of the trial to take judicial notice of a specific regulation cited by counsel. Had the trial judge granted this request and permitted an amendment to the pleadings, the issue could have been joined and witnesses called to testify on the precise matter. That was quite a different situation from the one which confronted the trial court here. It was not until appellant had rested his case and while a motion for a directed verdict was pending that any reference at all was made to housing regulations, and then only in the most general terms. Accordingly, we find no error in the court's ruling that the tenant had not made a sufficient showing of negligence to warrant consideration by a jury.

Affirmed.

3. Now D.C.Code 1967, § 47–2328.

4. Whetzel v. Jess Fisher Management Co., 108 U.S.App.D.C. 385 at 391, 282 F.2d 943 at 949, n. 13 (1960).

5. Javins v. First Nat'l Realty Corp., 138 U.S.App.D.C. 369 at 372, 428 F.2d 1071 at 1074 (1970).