Morton A. BENDER, Appellant,

v.

Richard WILLIAMS, Alan Dynerman,
and David E. Neumann,
Appellees.

No. 02–CV–454.

District of Columbia Court of Appeals.

Submitted June 12, 2003.

Decided March 30, 2004.*

Mark E. Brodsky, Bethesda, Md, was on the brief for appellant.

Morris R. Battino, Washington, DC, was on the brief for appellees.

Before WAGNER, Chief Judge, and FARRELL and GLICKMAN, Associate Judges.

* This opinion was originally issued in unpublished form. It is now being published upon grant of appellees' motion to that end.

PER CURIAM:

Following a bench trial, Judge Mize ruled for the defendants in this suit brought by plaintiff/appellant (Bender) to recover certain pass-through expenses—namely, Consumer Price Index (CPI) and real estate tax increases—for which he claimed the defendants were liable under commercial leases they had executed with his predecessor in interest in August 1986. On appeal, Bender contends that Judge Mize failed to make findings of fact and conclusions of law as required by Super. Ct. Civ. Rules 41(b) and 52(a); erred in finding that Bender had failed to prove his damages with respect to either the CPI or real estate tax pass-throughs; and, relatedly, erred in not taking judicial notice of facts relevant to ascertainment of both pass-through amounts. We affirm.

## I.

■ We reject first the argument that Judge Mize relieved himself of the duty to make findings of fact and conclusions of law by mistakenly relying on Rule 50(a) (judgment as a matter of law in *jury* trials) rather than Rule 41(b) (involuntary dismissal). Although the judge did use the words "motion [for] judgment as a matter of law" in his oral ruling, neither this utterance nor anything else in the record indicates that he considered himself relieved of the "require[ment] to make findings as provided in Rule 52(a)." *Bay Gen. Indus., Inc. v. Johnson*, 418 A.2d 1050, 1054 (D.C.1980). That requirement, of course, can be "satisfied by the oral findings that appear in ... [a] recorded colloquy between [the] court and counsel regarding the issues." *Wisconsin Ave. Assocs., Inc. v. 2720 Wisconsin Ave. Coop. Ass'n*, 385 A.2d 20, 23 (D.C.1978). Judge Mize engaged in a lengthy colloquy with counsel in which, as will be apparent, he explained his bases in fact and in law for finding against Bender with regard to the CPI and real estate tax increases. Those findings satisfy the Rule 52 standard.

## II.

■ Bender next contends that the judge erred in finding that he had failed to present sufficient evidence that the Consumer Price Index used by his accountant to compute the cost of living pass-throughs was the CPI referred to in the leases. As this was a bench trial, Judge Mize's findings of fact may not be disturbed unless they were clearly erroneous. *See* D.C.Code § 17–305(a) (2001); *Drevenak v. Abendschein*, 773 A.2d 396, 415–16 (D.C. 2001). A plaintiff must prove his alleged damages—here the uncollected past cost of living increases—with reasonable certainty, leaving no room for speculation or guesswork. *See Holmes v. Amerex Rent–A–Car*, 710 A.2d 846, 852 (D.C.1998); *Romer v. District of Columbia*, 449 A.2d 1097, 1100 (D.C.1982).

The leases provided for an annual cost of living pass-through calculated by a formula using a specific Consumer Price Index, *i.e.*, "The United States Department of Labor, Bureau of Labor Statistics, Consumer Price Index, All Urban Consumer, CPI–U Washington, [D.C.,] Maryland, Virginia, all items (1976=100)." Bender's accountant Richards, however, testified that he calculated the cost of living increases using (in each case) the CPI furnished him by Bender, and did not personally know how Bender had obtained it. This admission was important because Richards acknowledged that "there are several different CPI calculations available for D.C.; D.C., Maryland and Virginia; U.S., and ... Department of Labor," and that he did not "know which calculation was used in this case." Bender, for his part, testified merely that, in the case of one lease, he "got the CPI increases during the term of the lease" and that, regarding the other, he "got the CPI increases from the Department of Labor." Judge Mize found

this to be insufficient proof that Richards' calculations employed the CPI specified by the leases, stating: "there is nothing in the record to show that Mr. Bender handed to his accountant the CPI index described in the lease [from] which base calculations could derive for the CPI increases." The judge found that, in effect, Bender had said "I'm going to leave it to my accountant" to compute the increases, and the accountant in turn had "just trusted Mr. Bender": "they're both pointing the fingers at each other, and I don't see it." Because there is support in the record for the finding that Bender had not proven the outstanding pass-throughs for the cost of living with reasonable certainty, we must sustain it. *Holmes, supra.*

██ We reject Bender's subsidiary argument that the judge should have taken judicial notice of the CPI specified by the lease for the years in question, which he contends was readily ascertainable. Bender did not ask the judge to take judicial notice of this fact until oral argument on the appellees' motion to dismiss, and under our case law the judge was not obliged to do so at that point. *See Williams v. Auerbach,* 285 A.2d 701, 704 (D.C.1972) (no obligation on trial court's part to take judicial notice of regulations where "[i]t was not until appellant had rested his case and while a motion for a directed verdict was pending" that appellant even referenced the regulations). Establishing the relevant CPI at this stage would have required all of the previously offered cost of living increases to be recalculated, in effect reopening the evidentiary presentation. At the least, it was not plain error for the judge not to take judicial notice *sua sponte, see MacLeod v. Georgetown Univ. Med. Ctr.,* 736 A.2d 977, 983 (D.C.1999), particularly since Bender introduced no evidence of the matter to be noticed. *See*

*Hart v. Vermont Inv. Ltd. P'ship,* 667 A.2d 578, 585 (D.C.1995). Further supporting the judge's refusal to take judicial notice is the fact that, beyond the issue of which CPI was the proper starting point, accountant Richards had conceded that his initial calculations were erroneous and had been given a recess opportunity to redo them—something the judge was not required to repeat.

## III.

██ Bender further argues that Judge Mize erred in construing the phrase "the current fiscal year," which the leases specified as the base year on which to calculate the subsequent pass-throughs of real estate tax increases on a pro-rated basis. He contends that the contracting parties understood this phrase to mean "the tax year beginning July 1, 1986 [and extending] to June 30, 1987" (Br. for App. at 10), and that he presented undisputed proof of the taxes he paid for that year. As Judge Mize recognized, however, the terms "fiscal year" and "tax year" do not necessarily refer to the same period of time. *Compare,* for example, D.C.Code § 1–204.41 (2001) ("The fiscal year of the District shall ... commence on the first day of October of each year and shall end on the 30th day of September of the succeeding calendar year.") *with* D.C.Code § 47–802(7) (1990) (for real property tax purposes, "[t]he term 'tax year' means the period beginning July 1st of each year and ending June 30th each succeeding year").[1] Indeed, Bender's own documentation submitted to the court appeared to contradict his present assertion (*i.e.,* that "the current fiscal year" began July 1, 1986) because it listed the "base year" for computing the pass-through of taxes as "10/01/86 to 10/01/87." Judge Mize found, in effect, that Bender had not proven which year the parties

---

1. In 1993, the District's real property "tax year" was changed to conform with the dates

of its fiscal year. *See* D.C.Code § 47–802(7) (1994 cum. supp.).

intended by the phrase "the current fiscal year," and that this was fatal to his proof of damages because he had offered no evidence of the real estate taxes paid for the most likely intended "fiscal" year, October 1995 to September 1996, during which time the leases had been executed.

Once again, we find no error in the judge's conclusion that Bender had not proven his damages with reasonable certainty. Bender was free to offer proof, for example, of custom or practice demonstrating that "fiscal year" as used in real estate tax pass-through provisions meant "tax year" as defined by the District government at the time of these leases. He presented no such evidence.[2]

*Affirmed.*

2. Although Bender argues here as well that the judge should have taken judicial notice "of [the] real estate taxes on [the] property" (Br. for App. at 11), he did not make that request at any time below. More importantly, because the amount of taxes in question depended entirely on which non-calendar year the parties had meant by "the current fiscal year," Bender's failure to prove the meaning of that term made any hypothetical resort to judicial notice impossible. *See Renard v. District of Columbia Dep't of Employment Servs.,* 673 A.2d 1274, 1276 (D.C.1996) ("A judicially noticed fact must be one not subject to reasonable dispute") (quoting Fed.R.Evid. 201(b)).